IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY BAKER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-182-MHT-GMB |
| | ) | [WO] |
| CITY OF BRUNDIDGE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is a complaint filed by Plaintiff Jeffery Baker, Jr. Doc. 1. This matter was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. Doc. 4. Having reviewed the record, and for the reasons explained below, the undersigned RECOMMENDS that this matter be DISMISSED WITHOUT PREJUDICE for Baker's failure to comply with the orders of the court.

### I. PROCEDURAL HISTORY

Baker is proceeding in this matter *pro se*. His lawsuit, which was filed on March 17, 2016, asserts claims for various constitutional violations and other statutory offenses allegedly connected with a criminal prosecution following Baker's physical altercation with a man named Johnnie Richard Lampley. Doc. 1. Baker's complaint names as defendants the City of Brundidge, Alabama; Don C. Dickert, in his official capacity as Municipal Judge for the City of Brundidge, Alabama; Joseph H. Faulk and Steve Curtis, in their individual capacities and official capacities as prosecutors for the City of Brundidge,

Alabama; Britt Thomas, in his individual capacity and official capacity as City Manager for the City of Brundidge, Alabama; Jeffery W. Kelly, in his official capacity as Circuit Judge for Pike County, Alabama; Jamie N. Scarborough, in her official capacity as Pike County Circuit Clerk; and Rich Hobson, in his official capacity as Administrator for the Unified Judicial System of Alabama. Doc. 1.

On October 19, 2016, Jeffery Kelly, Rich Hobson, and Jamie Scarborough filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Doc. 19. On November 16, 2016, the remaining defendants—the City of Brundidge, Don Dickert, Joseph Faulk, Steve Curtis, and Britt Thomas—also filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted. Doc. 24. Those motions came under submission on December 21, 2016. *See* Docs. 21–23 & 26–31.

On June 6, 2017, the court entered an order denying the defendants' motions to dismiss as moot and directing Baker to amend his complaint to correct certain pleading deficiencies outlined by the court. Doc. 34. This was the result of the court's inability, even after leniently reviewing the complaint, to "ascertain the specific claims Baker is intending to assert against each named defendant." Doc. 34 at 3. Baker's complaint contains no identified claims or counts. Rather, as the court explained,

> Baker's complaint contains numerous allegations that could allege a number of different plausible claims against a number of different defendants. "While the court reviews *pro se* pleadings with notable leniency, it cannot read minds." *Graveling v. Sirote & Permute, P.C.*, 2014 WL 5426811, at *1 n.1 (N.D. Ala. Oct. 24, 2014). For the court to ascertain from the present complaint the specific claims Baker intends to assert against each specific

> defendant, it would have to guess as to Baker's ultimate intentions, and this is something the court is unwilling to do.

Doc. 34 at 3. Nevertheless, the court could not say, at least at this stage of the proceedings, that it was impossible for Baker to state a plausible claim for relief against one or more of the defendants in a more carefully drafted complaint. Doc. 34. Therefore, rather than resolving the defendants' motions to dismiss, the undersigned gave Baker an opportunity to amend his complaint to correct these deficiencies.[1] Doc. 34. Baker was given until June 27, 2017 to amend his complaint to comply with the court's order. Doc. 34.

Rather than file an amended complaint, however, Baker filed an objection to the court's June 6, 2017 order. Doc. 35. In that filing, Baker represented that his complaint only seeks a declaratory judgment, rather than money damages, and that the court's denial of the defendants' motions to dismiss "purged" the record of "'self-proving accusatory instruments' purportedly issued March 12, 2014, March 18, 2014, March 21, 2014, and

---

[1] To facilitate proper amendment, the court's June 6, 2017 order provided Baker with detailed instructions for amending his complaint. Doc. 34. Among other things, the court noted Rules 8 and 10 of the Federal Rules of Civil Procedure and explained that Baker must plead sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, including short, plain statements telling the court: (1) the constitutional, statutory, or legal right Baker believes to have been violated; (2) the specific basis for the court's jurisdiction; (3) the name of the defendant or defendants who violated that right; (4) exactly what the defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Baker's rights or the law; and (6) what specific injury Baker suffered because of that defendant's conduct. Doc. 34. The court explained that Baker must repeat this process for each person or entity named as a defendant, that he must also clearly identify each specific claim he is asserting against each defendant, and that he may include only one claim per count. Doc. 34. The court further explained that it will not refer to the original complaint to make an amended complaint complete, but that it also will not ignore contradictory allegations between an original and amended complaint. Doc. 34. The court explained that Baker must comply with the Federal Rules of Civil Procedure, the Local Rules of the court, and the court's General Standing Orders, all of which are available on the court's website. Doc. 34. The court further cautioned Baker against asserting claims against judges and prosecutors who are subject to judicial immunity. Doc. 34. Finally, the court cautioned Baker that if he failed to comply with the court's order, the undersigned would recommend that his complaint be dismissed without prejudice for failure to comply with the orders of the court and for failure to prosecute. Doc. 34.

3

March 28, 2014." Doc. 35 at 2. Baker further contended that, in order to comply with the court's directives, he "will need all of his accusatory instrument(s) purportedly issued March 12, 2014, March 18, 2014, March 21, 2014, and March 25, 2014, to validate who issued it, the dates issued and for comparison and authenticity purposes and as commanded by the honorable court." Doc. 35. Baker submitted with his objection a February 4, 2016 letter to him from Thomas, presumably in response to a records request made by Baker, wherein the City declined to comply with his request because it was not made for a "legitimate purpose" but to "interfere with this office's public duties." Doc. 35-1. Baker concluded his objection to the court with a "Notice of Intent Not to Amendment [sic] Complaint at this Time," arguing that he could not comply with the court's directive to amend until he obtained the necessary "accusatory instruments" from the City of Brundidge. Doc. 35.

The court entered an order on June 27, 2017, concluding that Baker's objection had no merit. First, the court explained that it was unclear exactly what these "accusatory instruments" are. Doc. 36. Second, the court explained that, to the extent Baker is describing public records documenting his arrests, the constitutionality of which form the basis of his complaint, he can obtain those records from the custodial agency or authority, or through the civil discovery process, which would begin after Baker files his amended complaint, an answer is filed, and the parties confer as required by Federal Rule of Civil Procedure 26(f). Finally, the court concluded that Baker had not sufficiently demonstrated why he needs these "accusatory instruments" to amend his complaint. As the court previously explained in its June 6, 2017 order, Rule 8 only requires Baker to provide a

4

short and plain statement of claims showing that he is entitled to relief, and he may seek leave to amend his complaint if he receives a document at a later date that supports his claims. Doc. 36.

Although Baker's objection did not comply with the directives of the court's June 6, 2017 order, because he is a *pro se* plaintiff the court gave him an extension of time to amended his complaint pursuant to the court's June 6, 2017 order. Doc. 36. In doing so, the court specifically noted that Baker may allege one or more of his claims under the Declaratory Judgment Act, but regardless of whether he pursues his claims under that statute or some other avenue for relief, he must comply with the directives of the court's June 6, 2017 order. Doc. 36. The court further warned Baker that his failure to comply with its order will result in a recommendation that his claims be dismissed for failure to comply with the orders of the court and for failure to prosecute and that "**[n]o further extensions of time to amend the complaint will be granted absent a showing of good cause**." Doc. 36 (emphasis in original). Baker's new deadline to amend his complaint was July 12, 2017. Doc. 36.

Again, rather than file a timely amended complaint, on July 11, 2017, Baker filed a "Rule 26(d)(1) Motion to Alter or be Exempted from Rule 26(d)'s Restriction in Order to Subpoen [sic] Critical Documents in Order to Prepare Amended Pleading." Doc. 37. Baker attached to this motion the same February 4, 2016 letter to him from Thomas and requested leave to conduct pre-Rule 26(f) discovery, arguing that he cannot properly amend his complaint without certain "accusatory instruments" from the City of Brundidge. Again, Baker articulated no legitimate reason for pre-Rule 26(f) discovery of the "accusatory

instruments" before he could properly amend his complaint, nor did he articulate good cause for extending his deadline to amend for a third time. The court denied Baker's motion. Doc. 38.

To date, Baker has not filed an amended complaint as directed by the court's June 6 and June 27 orders.

## II. DISCUSSION

A "district court's power to control its docket includes the inherent power to dismiss a case." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 998 (11th Cir. 1983). Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal of a case is permitted "[i]f the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Eleventh Circuit precedent holds that "[t]he legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

Baker has been given not one but two opportunities to amend his complaint, along with detailed instructions on how to amend it, but he has still failed to comply with the court's June 6 and June 27 orders. In response to the court's June 6 order, rather than file a timely amended complaint, Baker objected and insisted that he must first obtain the "accusatory instruments" on which his claims are based before he can amend. Although the court explicitly rejected that argument and explained to Baker that he will not be given any additional extensions of time to amend his complaint for the purpose of obtaining these "accusatory instruments," Baker still did not file an amended complaint. Instead, he filed

6

a motion for early discovery to obtain the "accusatory instruments," plainly ignoring the directives of the court. In denying this motion, the court again explained that Baker had not sufficiently articulated why he needed the "accusatory instruments" to amend his complaint in compliance with the court's previous order.

In short, Baker has not amended his complaint despite being warned on two separate occasions that his failure to amend his complaint in a timely manner would result in a recommendation for the dismissal of his claims. It is also apparent to the court that Baker was aware of the court's directives in its June 6 and June 27 orders, as he filed responding objections or motions, just not an amended complaint—the one thing he was ordered to file. For these reasons, the court concludes that Baker has willfully failed to comply with its June 6 and June 27 orders (Docs. 34 & 36) and that this is sufficient to establish a clear record of delay. The court's recommendation is that Baker's claims be dismissed without prejudice. The court has considered whether a measure less drastic than dismissal would be effective in bringing Baker in compliance with the court's orders but concludes that a lesser sanction will not suffice. Specifically, the court concludes that Baker's responses to the court's orders indicate deliberate defiance, not excusable neglect or inattention, and as a result that a sanction less than dismissal is unlikely to secure Baker's appropriate participation in this litigation.

### III. CONCLUSION

Accordingly, for the foregoing reasons, the undersigned RECOMMENDS that Baker's complaint be DISMISSED WITHOUT PREJUDICE for failure to comply with the orders of the court.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **August 31, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 17th day of August, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE